**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LIVIA M. SCOTTO, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-0541 |
| | : | |
| UNITED STATES, *et al.*, | : | |
| *Defendants.* | : | |

**MEMORANDUM**

**PAPPERT, J.** **July 28, 2023**

Plaintiff Livia M. Scotto, proceeding *pro se*, seeks leave to proceed *in forma pauperis*. (*See* ECF No. 9.) Scotto filed an Amended Complaint (ECF No. 10), and several motions seeking various forms of relief. (*See* ECF Nos. 11, 12, 13, 14, 15, & 18.) Because it appears that Scotto is unable to afford to pay the filing fee, the Court will grant her leave to proceed *in forma pauperis*. For the following reasons, Scotto's Amended Complaint will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I

Scotto began this case by submitting to the Clerk of Court a Complaint (ECF No. 2) and a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) on February 10, 2023. In a February 17, 2023 Order, the Court denied Scotto's request to proceed i*n forma pauperis* for lack of sufficient financial information because Scotto failed to make any representations regarding her income, expenses, assets, or other financial obligations. (ECF No. 6 at 1-2.) The Court granted Scotto thirty (30) days to complete a form application clarifying her financial circumstances or, alternatively, to pay the

required $402 (comprising the $350 filing fee and $52 administrative fee) to the Clerk of Court, in order to proceed in this case.  (*Id.* at 2.)  On March 16, 2023, Scotto renewed her request to proceed *in forma pauperis*, and filed an Amended Complaint (ECF No. 10), along with several motions.  (*See* ECF Nos. 11, 12, 13, 14, 15.)  She later filed additional documents, including an "emergency" motion.  (ECF Nos. 17, 18.)  Scotto's Amended Complaint supersedes the original and is now the governing pleading in this case.  *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted*, No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012) ("Therefore, as a practical matter, the filing of amended and supplemental complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff.").

## II

In the last two and a half years, Scotto has filed nine separate civil actions in this District.  *See, e.g.*; (1) *Scotto v. Societe Anonyme, et al.*, Civ. A. No. 21-0089, ("*Scotto I*"); (2) *Scotto v. Credit Suisse, et al.*, Civ. A. No. 22-1176, ("*Scotto II*"); (3) *Scotto v. A.R.R., et al.*, Civ. A. No. 22-1179; (4) *Scotto v. Office of Personal Management*, *et al.*, Civ. A. No. 22-2697; (5) *Scotto v. United States, et al.*, Civ. A. No. 22-3434; (6) *Scotto v. Saul Ewing, et al.*, Civ. A. No. 22-3623; (7) *Scotto v. Maimonides, et al.*, Civ. A. No. 22-3625; (8) *Scotto v. Maimonides, et al.*, Civ. A. No. 22-3626, ("*Scotto III*"); and (9) *Scotto v. United States, et al.*, Civ. A. No. 23-0541.

In *Scotto I*, Judge Beetlestone described Scotto's complaint as "disorganized, confusing, repetitive, disjointed, and essentially incomprehensible." *Scotto v. Societe Anonyme*, No. 21-0089, 2021 WL 1599700, at *2 (E.D. Pa. Apr. 23, 2021). According to Judge Beetlestone, Scotto's complaint was simply "a laundry list of random legal terms combined with the names of various courts as well as the names of various entities or businesses, both domestic and international" that failed to "provide any context, details, or supporting facts regarding the alleged harm for which" Scotto sought legal relief. *Id.* After reviewing over 70 separate Scotto filings, Judge Beetlestone concluded that **all** of Scotto's submissions followed a similar pattern resulting in filings that were "unintelligible" and "incomprehensible[.]" *Id.* at *2-*3. While Judge Beetlestone granted Scotto leave to amend her complaint, she cautioned "'that litigation is serious business to be undertaken carefully and thoughtfully.'"[1] *Id.* at *3 (citing *Harvey v.*

---

[1] The Court takes judicial notice of Scotto's prior litigation history in various District Courts throughout the country, which Judge Beetlestone previously set forth in detail in *Scotto I*:

> In January of 2020, Judge Margo Brodie of the United States District Court for the Eastern District of New York, explained that Scotto "has a long history of filing similar [*i.e.*, incomprehensible and incoherent] actions in other courts[.]" *Scotto v. Hawaii*, Civ. A. No. 19-5167, 2020 WL 353141, at *3 (E.D.N.Y. Jan. 21, 2020). Judge Brodie noted that Scotto had previously filed "over fifty cases in federal courts" including thirteen in the Eastern District of New York alone, and that Scotto "is the subject of several filing injunctions" in the United States District Courts for the Middle District of Florida, the Southern District of New York, and the District of Hawaii. *Id.* at *3, n. 1 & 2. Judge Brodie stated Scotto had "inundated the Court with hundreds of pages of papers that are nonsensical and appear to have no relevance to any claims. These papers often refer to other federal courts and are submitted with no page numbers and in no discernable order." *Id.* at *3. Due to the "many hours of . . . time [required] to review these documents[,]" Judge Brodie cautioned Scotto that she would no longer "be allowed to continue to submit reams of papers and other documents that have no relevance to any claim." *Id.* Ultimately, Judge Brodie also issued a filing injunction against Scotto on

*United States*, 149 Fed. Cl. 751, 775 (2020), *aff'd*, 845 F. App'x 923 (Fed. Cir. 2021)).

Judge Beetlestone also put Scotto on notice that "continued abuse of the judicial process

may result in the imposition of a filing injunction or other appropriate restrictions on

her access to filing[.]" *Id.* Ultimately, Scotto's case was dismissed without prejudice for

failure to prosecute when she failed to file an amended complaint and pay the required

filing fee or seek leave to proceed in forma pauperis. (*See* ECF No. 90 in *Scotto I*).

Approximately one year later, Scotto returned with her second civil action in this

District, *Scotto II*. Judge McHugh concluded that the complaint in *Scotto II* was

"virtually identical" to the complaint in *Scotto I* and observed that neither complaint

"contain[ed] enough complete sentences or sufficient factual allegations" to comply with

Federal Rule of Civil Procedure 8. *Scotto v. Credit Suisse*, No. 22-1176, 2022 WL

1320391, at *3 (E.D. Pa. May 3, 2022). Judge McHugh found that Scotto had

> a well-established pattern of submitting lengthy, disorganized,
> confusing, repetitive, and incomprehensible documents that consist
> of a laundry list of names of individuals and entities interspersed
> with citations to unrelated statutes and peppered with legal terms
> – none of which are tied together in any discernable way to present
> a legal claim for relief.

*Id.* at *4. Judge McHugh warned Scotto that "a continuation of this pattern" would not

be tolerated and that future submissions exhibiting this pattern "may be construed as

an abuse of the judicial process and may result in the imposition of a filing injunction or

other appropriate restrictions on her access to filing[.]" *Id.* *Scotto II* was subsequently

---

March 10, 2020 – the fourth such injunction against her – and the Clerk of
Court for the Eastern District of New York enjoined Scotto from filing new
actions in that Court without first obtaining permission. *See Scotto v.
State of Hawaii, et al.*, Civ. A. No. 19-5167, (E.D.N.Y.) (ECF Nos. 9 & 10).

*Scotto I*, 2021 WL 1599700, at *1.

dismissed without prejudice when Scotto failed to effect service of process in accordance with the Federal Rules of Civil Procedure and failed to comply with Judge McHugh's prior order.[2]  (*See* ECF No. 23 in *Scotto II*.)

III

Scotto's Amended Complaint is a one hundred-eleven (111) page document.  (*See* Am. Compl. at 1-111.)[3]  The first several pages of the Amended Complaint are from a form "Complaint and Request for Injunction" available on the website for the United States Courts.[4]  (*Id.* at 1-5.)  However, the format of Scotto's Amended Complaint shifts significantly beginning on page 6 where Scotto again exhibits her "a well-established pattern" of filing "lengthy, disorganized, confusing, repetitive, and incomprehensible documents that consist of a laundry list of names of individuals and entities interspersed with citations to unrelated statutes and peppered with legal terms – none of which are tied together in any discernable way to present a legal claim for relief." (*Id.* at 6-111); *see also Scotto II*, 2022 WL 1320391, at *4.  Intermingled throughout the Amended Complaint are various documents including, but not limited to, emails, faxes, court forms and filings submitted in other jurisdictions, and other correspondence.

---

[2] On April 19, 2023, the United States Court of Appeals for the Third Circuit summarily affirmed this Court's dismissal in *Scotto III*.  *See Scotto v. Maimondies, et al.*, C. A. No. 22-3136, (Dk. No. 15 at 1).  The Third Circuit concluded that Scotto's appeal "present[ed] no substantial question" and that dismissal of her complaint "was necessary where Scotto failed to identify any basis for [a] federal action in any of her filings, which included neither factual allegations nor legal claims."  (*Id.* at 2.)

[3] The Court adopts the pagination assigned to the Amended Complaint and the attached Exhibit by the CM/ECF docketing system.

[4] It appears the form Scotto used to draft her Amended Complaint is the same one available at https://www.uscourts.gov/sites/default/files/complaint_and_request_for_injunction.pdf.

IV

The Court will grant Scotto leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it is fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Scotto is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). While the Court must liberally construe *pro se* pleadings, "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, at 175 n.3 (3d Cir. 2019) (*per curiam*).

V

To determine whether Scotto's Amended Complaint contains facts sufficient to state a plausible claim, the Court is required to *accept the facts* alleged in the Amended Complaint as true and draw all reasonable inferences *from those facts* in Scotto's favor. Therein lies the problem with Scotto's Amended Complaint – it does not contain a single factual allegation of any kind.  This Court is not the first to recognize the complete absence of allegations in a complaint filed by Scotto.  *See, e.g.*, *Scotto v. M. Dyer & Sons, Inc.*, No. 18-1663, 2018 WL 11251002, at *1 (M.D. Fla. July 13, 2018) (recognizing that the court was "completely unable to decipher Ms. Scotto's allegations" because "there simply [were] none" and describing the "'complaint' [as] a potpourri of disjointed documents and unintelligible commentary."); *Scotto v. Devine*, No. 16-3379, 2016 WL 11585945, at *2 (M.D. Fla. Dec. 22, 2016), *report and recommendation adopted in part*, 2017 WL 11068273 (M.D. Fla. Feb. 7, 2017) (explaining that the "Complaint lacks sufficient facts from which a cognizable federal cause of action can be inferred" because Scotto "filed a stack of incomprehensible documents which bear no relation to any federal causes of action, lack facts supporting any claims, and do not even provide any correlation among the documents filed.")

"'Magic words,' Latin phrases, [or] random quotations from cases . . .  are not necessary or sufficient to state a viable, plausible claim." *Jenkins v. Bank of Am.*, No. 16-5415, 2017 WL 2713697, at *2 (W.D. Wash. Jan. 5, 2017).  A plaintiff's complaint "should tell the story of what she alleges happened to her and provide the reader with a chronology" by stating "the who, what, when, where, why, and how of her claims" and "provid[ing] specific facts [that] explain what happened in support of her causes of

action." *Stricklin v. United States*, No. 21-04511, 2022 WL 597031, at *2 (N.D. Cal. Feb. 28, 2022). Scotto's Amended Complaint does not allege any facts or tell any story. She does not describe who did what, when and where any events occurred, or how and why any events support a legal claim. Consistent with her pleadings in *Scotto I* and *Scotto II*, and her other filings throughout the federal courts, Scotto's Amended Complaint in this case is also "disorganized, confusing, repetitive, disjointed, and essentially incomprehensible" and fails to set forth "any context, details, or supporting facts regarding the alleged harm for which she now seeks redress."[5] *Scotto II*, 2022 WL 1320391, at *3. In the absence of any factual allegations, Scotto has failed to state a plausible claim and her Amended Complaint must be dismissed pursuant to § 1915(e)(2)(B)(ii). Moreover, based on the nature of the Amended Complaint, Scotto's well-established filing pattern in *Scotto I*, *Scotto II*, and in this case, in combination with her litigation history in this District and in other federal courts, any further opportunity to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should generally be granted "unless amendment would be inequitable or futile."). Therefore, Scotto's Amended Complaint will be dismissed with prejudice.

The Court put's Scotto on notice for the third, and final, time that her pattern of filing unintelligible and incomprehensible documents that fail to state plausible claims will no longer be tolerated. As Judge Beetlestone and Judge McHugh have previously called to her attention, "litigation is serious business to be undertaken carefully and

---

[5] This Court has previously made similar observations about filings by Scotto in *Scotto v. A.R.R., et al.*, Civ. A. No. 22-1179, (ECF No. 8 at 1-2 n.2) and *Scotto v. Saul Ewing, et al.*, Civ. A. No. 22-3623, (ECF No. 20 at 1 n.1).

thoughtfully." *Harvey v. United States*, 149 Fed. Cl. 751, 775 (2020), *aff'd*, 845 F. App'x 923 (Fed. Cir. 2021).  This Court "'and other federal courts are funded by the taxpayers of this country to adjudicate genuine disputes, not to function as playgrounds for would-be lawyers or provide an emotional release for frustrated litigants.'" *Id.* (citing *Constant v. United States*, 929 F.2d 654,  659 (Fed. Cir. 1991)).  As Scotto well knows from district courts around the county, the Court retains inherent power to place reasonable restrictions on her ability to file in the future.  Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982).  Future submissions by Scotto that exhibit the pattern outlined in this Memorandum may be construed as an abuse of the judicial process and may result in the imposition of a filing injunction or other appropriate restrictions on her access to filing.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (holding that federal courts have the inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process").

VI

For the foregoing reasons, the Court will grant Scotto leave to proceed *in forma pauperis* and dismiss her Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Scotto's remaining motions will be denied as moot in light of the dismissal of her Amended Complaint.  An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.